IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, | : | Case No. 1:20-cv-744 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HALO HOMECARE SERVICES, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT (Doc. 12)**

This matter is before the Court on Defendant Halo MGT Productions LLC's ("HMGT") Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). (Doc. 12.) HMGT contends that Plaintiff's complaint contains severe procedural deficiencies that inhibit its ability to substantively respond to the allegations. Notably, HMGT asserts that Plaintiff fails to state its allegations in numbered paragraphs, as required by Fed. R. Civ. P. 8 and 10(b). As such, HGMT asks that the Court order Plaintiff to file an amended complaint that states its claims in numbered paragraphs and otherwise complies with the applicable rules.

Fed. R. Civ. P. 8 provides that a complaint must contain "short and plain statement[s]," and that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(a)(1) & 8(d)(1). Moreover, Fed. R. Civ. P. 10(b) provides that "[a] party must state its claims and defenses in numbered paragraphs." *Id.* This rule "was designed to

facilitate the clear presentation of the matters set forth so that allegations might easily be referenced in subsequent pleadings." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) (cleaned up). Meanwhile, Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.*

Here, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8 and 10. Various sections of Plaintiff's complaint are supported by large block paragraphs that are not even numbered. (*See* Doc. 1, sections titled "COMPLAINT," "PRELIMINARY STATEMENT," "VII. RECORDKEEPING VIOLATIONS," and "VIII. INJUNCTION.") And the rest of Plaintiff's complaint is numbered in such a way that it creates substantial confusion—both for the Defendants and the Court. Rather than stating its allegations in sequentially numbered paragraphs, Plaintiff lists allegations with alternating descending letters and roman numerals. For example, Defendant HMGT is identified in §§ II(c) – II(c)(i)-(xi) and Plaintiff's claim for "OVERTIME VIOLATIONS" is set forth in §§ VI(a) – §VI(b)(i)-(v). (*Id.*)

Defendant is correct that the appropriate remedy here is a motion for a more definite statement under Fed. R. Civ. P. 12(e). For example, in *Phillips v. Girdich*, a *pro se* litigant filed a complaint that was "not sequentially paginated," and contained claims that were not separated into numbered paragraphs. 408 F.3d at 126. Upon review, the Second Circuit Court of Appeals held that "[o]nce a defendant has been served with a complaint that is defective in this way, it should be met with a motion for a more definite statement under Rule 12(e) . . ." *Id.* at 128.

2

Accordingly, HMGT's Motion for More Definite Statement (Doc. 12) is hereby **GRANTED**. Plaintiff is **ORDERED** to file an amended complaint in which it casts its allegations in sequentially numbered paragraphs (*e.g.*, ¶ 1, ¶ 2, et seq.) and otherwise complies with the Federal Rules of Civil Procedure. Plaintiff must file its amended complaint within seven days of entry of this Order, or not later than March 11, 2021.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND